**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

ANTHONY GIVENS — PLAINTIFF

v. — Civil Action No. 3:04-cv-889WS

NORTH AMERICAN SPECIALTY INSURANCE COMPANY; CLAIMS CONTROL, INC.; MCCLURE LAWN IRRIGATION, INC.; and SUSAN ATHANASOPOULOS HUFFINE — DEFENDANTS

**ORDER DENYING REMAND**

Before the court is a motion by plaintiff to remand this civil action to the Circuit Court of Hinds County, Mississippi, from which it originated, pursuant to Title 28 U.S.C. §1447(c)[1] **[docket # 6]**. Central to the issue of remand is whether plaintiff's employer, the non-diverse defendant, actively participated in the handling of plaintiff's workers' compensation claim, thereby incurring independent liability. For the following reasons, this court is persuaded that plaintiff has absolutely no possibility of recovery against his employer and, resultantly, denies plaintiff's motion to remand.

## I. Pertinent Facts and Procedural Posture

This action arises from a work-related injury. Plaintiff, a former employee of McClure Lawn Irrigation, Inc. ("McClure"), contends that on October 11, 2002, while in the course and scope of his employment with McClure, he was unloading a wheelbarrow of

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

mud and dirt when he injured his back. At the time of Givens' injury, McClure had secured workers' compensation for its employees by purchasing workers' compensation insurance. North American Specialty Insurance Company ("North American") was assigned as McClure's carrier and issued McClure an insurance policy through McClure's owner, Philip Wilson. The policy required North American to pay workers' compensation insurance benefits as required under Mississippi law.

Givens promptly reported his injury to McClure, who in turn notified North American. North American and Claims Control, Inc. ("Claims Control"), the adjuster, then, was tasked to begin paying workers' compensation benefits to Givens. The dispute giving rise to this civil action arose from plaintiff's contention that North American, Claims Control, McClure, and Susan Huffine-Athanasopoulos ("Huffine") — North American's claim adjuster — acted in bad faith by willfully refusing to make timely payments and to pay for medical treatment; by refusing to honor their obligations to plaintiff; and by delaying payment of compensation benefits without a legitimate or arguable reason for having done so.

Plaintiff filed a petition to controvert with the Mississippi Workers' Compensation Commission ("Commission") on or about December 18, 2002. McClure's answer[2] to said petition denied that plaintiff sustained a compensable injury, but in subsequent documentation submitted by the parties, McClure acknowledged that plaintiff's injuries were covered under its workers' compensation insurance. Dissatisfied with defendants'

[2]McClure failed to file a timely answer with the Commission, which was due on or before January 10, 2003, but eventually responded on or about January 15, 2003.

actions, plaintiff filed a civil lawsuit against defendants on August 25, 2004, in the Circuit Court of Hinds County, Mississippi, and amended his complaint on or about October 15, 2004. Plaintiff's amended complaint alleges that although he was entitled to temporary total disability payments beginning on November 19, 2002, he never received such payments until February 13, 2003. Further, plaintiff contends that defendants Huffine, Claims Control, and North American delayed pre-certification for spinal rehabilitation as well as for surgery.

Subsequently, defendants removed this civil action to this federal forum on October 28, 2004, contending that this court possessed diversity jurisdiction over the parties pursuant to Title 28 U.S.C. § 1332[3] and that plaintiff improperly joined defendant McClure. In this case, plaintiff is an adult Mississippi citizen; defendant North American is New Hampshire insurance company with its principal place of business outside of Mississippi; defendant Claims Control is a Florida corporation with its principal place of business outside of Mississippi; defendant McClure is a Mississippi corporation with its principal place of business there; and defendant Huffine-Athanasopoulos is an adult Florida citizen. Complete diversity is a statutory requirement under § 1332. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). Additionally, the

[3]Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

amount in controversy here exceeds the jurisdictional threshold of $75,000.00, exclusive of costs and interest.

Consequently, in cases of diversity jurisdiction, this court is bound to apply the substantive law of Mississippi to this dispute. A district court applies the law of the forum state where the cause of action occurred unless, with respect to some particular issue, some other state has a more significant relationship to the occurrence or to the parties. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Although the parties dispute that this court has subject-matter jurisdiction over them and this case, neither quarrels that the substantive law of Mississippi applies in determining whether diversity of citizenship exists in this case or whether plaintiff improperly joined defendant McClure.

Plaintiff filed a motion to remand this action to state court on November 23, 2004. Plaintiff contends that defendant McClure, along with the diverse defendants, mishandled plaintiff's claim. Specifically, plaintiff says that McClure knew almost immediately that plaintiff had sustained an on-the-job back injury yet failed to initiate benefits. Further, says plaintiff, McClure and the carrier forced plaintiff to file a petition to controvert and initially denied that Givens was entitled to workers' compensation benefits. In sum, plaintiff contends that defendant McClure, as the employer, is a proper party in his bad faith claim based upon a delay in paying workers' compensation benefits.

In response, defendants contend that McClure is not a proper defendant to this action. Further, and relevant to the motion *sub judice*, defendants claim that plaintiff has no possibility of establishing a cause of action against McClure and that plaintiff

improperly joined his employer solely for the purpose of defeating federal diversity jurisdiction. In particular, defendants argue that McClure was not involved in the events that gave rise to this action. McClure, say defendants, simply notified the insurance company of plaintiff's injuries.

In an order filed June 21, 2005, this court directed plaintiff to file a rebuttal in support of his motion to remand within five (5) days of the date of that order. To date, plaintiff has yet to comply with this court's directive. Thus, the court will proceed to address the motion to remand based upon the submissions of the parties already docketed.

## II. Removal and Improper Joinder Standards

"Federal courts are courts of limited jurisdiction . . . [and] must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). Moreover, defendants bears the burden of demonstrating this court's jurisdiction and that removal was proper. Removal jurisdiction must be strictly construed because it implicates important federalism concerns. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "Any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). The federal trial court must be certain of its jurisdiction before it embarks "upon a safari in search of a judgment on the merits." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The burden of establishing federal jurisdiction is on the party or parties seeking removal, in this case the defendants.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034, 119 S. Ct. 1286, 143 L. Ed. 2d 378 (1999); *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *see also* 14C C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met.").

The doctrine of improper joinder, formerly known as fraudulent joinder, has been firmly rooted in our jurisprudence for quite some time. Indeed, the United States Court of Appeals for the Fifth Circuit has held that to show improper joinder, the removing party must demonstrate that either (1) plaintiffs fraudulently pleaded false jurisdictional facts, or (2) there is no reasonable basis on which the district court can predict that plaintiffs might be able to recover against the non-diverse defendants. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825, 161 L. Ed. 2d 755 (2005). Defendants contend that they should prevail under the second type of improper joinder.

The court may resolve whether a plaintiff has a reasonable basis of recovery under state law by conducting

> a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the [non-diverse] defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Smallwood*, 385 F.3d at 573. Further, this court must consider whether plaintiff can establish the theories of liability that he pleaded in the state-court complaint. *Cavallini v.*

*State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263-64 (5th Cir. 1995). A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Although this court is limited to review of the complaint and attached papers when conducting a Rule 12(b)(6) inquiry, for purposes of determining improper joinder, it may pierce the pleadings and consider summary judgment-type evidence. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). In reviewing that evidence and the complaint, this court considers unchallenged factual allegations in the light most favorable to plaintiff and resolve contested fact issues and ambiguities in controlling state law in plaintiff's favor. *Id.*

The Fifth Circuit often has noted that "[t]o establish that a non-diverse defendant has been [improperly] joined to defeat diversity, the removing party must prove . . . that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). In *Travis*, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the improper joinder question:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable*, not merely theoretical.

326 F.3d at 648 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). Furthermore, "[a]ny argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed," *id.*, since the two concepts are to be viewed the same. The Fifth Circuit also has stated that "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not [improperly] joined." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000); *see also id.* (stating further that removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the instate defendant").

Otherwise, the same requirements apply to removal on the basis of improper joinder. The burden of persuasion placed upon those who cry improper joinder always has been a heavy one. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). A defendant who removes on the basis of improper joinder must prove the alleged fraud by clear and convincing evidence. *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1991). In reviewing a claim of improper joinder, this court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. *Burden*, 60 F.3d at 216. If there is any possibility that the plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Id.*

This court's evaluation of improper joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might

prevail. Mindful of this court's obligation to exercise diversity jurisdiction only in cases of complete diversity, the court will not authorize removal on the basis of improper joinder unless there is no possibility that the plaintiff could state a cause of action against the non-diverse defendant. *B., Inc.*, 663 F.2d at 549.

## III. Relevant Law and Application

Having reviewed the submissions of the parties, this court identifies the central question as whether McClure, plaintiff's employer, can be held personally liable for any actions it might have taken in addressing plaintiff's workers' compensation claim. The Mississippi Supreme Court held in *Bass v. California Life Insurance Co.* that adjusters could be liable for gross negligence, malice, or reckless disregard for an insured's rights. 581 So. 2d 1087, 1090 (Miss. 1991) (quoting *Dunn v. State Farm Fire & Cas. Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987)).

For many years, the Mississippi Supreme Court did not apply the precepts announced in *Bass*, and several state and federal courts expressed confusion over its application in various contexts. For instance, defendants point to *Rogers v. Hartford Accident and Indemnity Co.*, 133 F.3d 509 (5th Cir. 1998), wherein the Fifth Circuit held that a claim of gross negligence was insufficient to recover punitive damages in a workers' compensation case. Only last year did the Mississippi Supreme Court take the occasion to clarify and reaffirm its holding in *Bass*:

> While this Court has not utilized the Bass standard, the federal courts and the Mississippi Court of Appeals have considered and applied it. *See, e.g.*, *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002), *aff'd sub nom.*, *Ross v. CitiFinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003); *Skinner v. USAble Life*, 200 F. Supp. 2d 636, 640 (S.D. Miss. 2001) (pointing out federal court's expression of "uncertainty" regarding this

> Court's creation of separate standard of care for agents such as insurance adjusters); *Russell v. New York Life Ins. Co.*, 1997 U.S. Dist. LEXIS 9917, 1997 WL 170317, *4 (N.D. Miss. 1997) (stating that this Court's holding in *Bass* "muddied the waters a bit in this context"); *Rasberry v. Blue Cross & Blue Shield of Mississippi*, 850 So. 2d 1194, 1200 (Miss. Ct. App. 2002) (affirming summary judgment in favor of third party insurance administrator and holding that no bad faith was shown).
>
> As two federal court opinions make apparent, the absence of cases which discuss and apply the *Bass* standard has caused some confusion. However, we take this opportunity to revisit our holding in *Bass* and conclude it plainly states and we now reiterate that an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured.

*Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004). It is plain, then, that defendants Claims Control and Huffine, as the insurance adjuster and agent thereof, could be found independently liable if their actions amounted to either gross negligence, malice, or reckless disregard for plaintiff's rights. Yet, the question remains whether plaintiff could recover against McClure, the employer, for allegedly similar conduct. Thus, this court must decide whether defendants have demonstrated that plaintiff has absolutely no possibility of recovery against McClure.

In *Luckett v. Mississippi Wood, Inc.*, 481 So. 2d 288, 291 (Miss. 1985), the Mississippi Supreme Court held that a bad faith claim against an employer based upon a failure to pay workers' compensation benefits was not preempted by the exclusivity provision of the Mississippi Workers' Compensation Act. Thus, *Luckett* simply laid the jurisdictional predicate necessary to assert a bad faith claim against an employer. Plaintiff must still show more than merely having established jurisdiction to prove his claim

against his employer. That is, Mississippi law obligates plaintiff to establish the following in a bad faith refusal to pay claim against the employer: (1) an intentional refusal by the employer to pay with reasonable promptness the insured's claim; and (2) the absence of any arguable reason for the employer's refusal to pay with reasonable promptness. *Blakeney v. Ga. Pac. Corp.*, 151 F. Supp. 2d 736, 740 (S.D. Miss. 2001) (citing *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So. 2d 833, 847 (Miss. 1985)). "The two prongs of the test are not separate requirements, but rather part of the inquiry into whether the injury is compensable." *Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 480 (Miss. 2002).

In the instant case, plaintiff argues that McClure actively participated in the acts alleged above to constitute bad faith. Plaintiff also claims that McClure "failed to initiate benefits." Additionally, plaintiff contends that McClure's failure to answer plaintiff's petition to controvert timely, coupled with the eventually filed answer that denied that plaintiff's injury was covered under McClure's workers' compensation insurance, plus McClure's later statements in pleadings before the Commission that plaintiff was in fact so covered, demonstrate that McClure knew that the insurance company was not properly paying plaintiff's claim.

Upon review of the first amended complaint *in toto*, and using a Rule 12(b)(6)-type analysis, this court is not persuaded that plaintiff has provided sufficient evidence rising to the level of proof needed to satisfy the first prong of a bad faith claim. In particular, plaintiff has submitted no proof evincing an *intentional* refusal by *defendant McClure* to pay plaintiff's claim with reasonable promptness. Since plaintiff has not even established

that defendant McClure had a role in the delay of payment of plaintiff's claims, this court need not get to the second part of the bad faith inquiry.

Defendants, on the other hand, have submitted evidence supporting the contrary. Defendants submitted an affidavit of Wilson, the owner and president of McClure, stating that he immediately reported plaintiff's claim to North American, his carrier, upon learning of plaintiff's injury; that plaintiff's claim was handled entirely by North American; and that throughout the handling of plaintiff's claim, North American provided McClure with no information regarding the status of the claim nor otherwise advised McClure of any disputes that may have arisen regarding plaintiff's claim. Further, Wilson says he thought that plaintiff's claim had been settled until receipt of the petition to controvert. Next, Wilson states that "McClure did not have any knowledge concerning the reasons why any of the workers' compensation benefits may have been delayed." Additionally, defendants submitted the affidavit of Huffine, the adjuster, which supports Wilson's statements. In particular, Huffine states: "All decisions to approve or not approve payment of benefits or medical expenses were made solely by North American and Claims Control. McClure had no involvement or input into the decisions of whether and when to pay any of Givens' workers' compensation benefits or medical expenses."

In sum, plaintiff makes nothing more than a naked allegation that McClure failed to initiate benefits and conspired with North American and Claims Control to delay payments thereof. As stated above, plaintiff points to no evidence of bad faith by McClure that would eviscerate the general proposition of carrier liability — as opposed to employer liability — from applying to the facts of the instant case. The evidence submitted by

defendants, on the other hand, supports their assertion that McClure initiated the flow of benefits to plaintiff by promptly reporting the claim to North American as required under Mississippi law.[4] Furthermore, as defendants note, once an employer secures the payment of workers' compensation by purchasing insurance, the employee's claims are thereafter to be processed by the insurer and paid directly to the employee or his medical provider. *Toney v. Lowery Woodyards*, 278 F. Supp. 2d 786, 792 (S.D. Miss. 2003) (citing Miss. Code. Ann. § 71-3-77(1)). Moreover,

> [w]hen a carrier knows of an insured's employee's injury, and the insured does not controvert the injury, the *carrier* has a duty to begin paying benefits directly to the injured employee. The duty of the *carrier* to pay benefits is owed by the *carrier* to the injured employee.

*Id.* (emphasis added) (quoting *Rogers*, 133 F.3d at 313 (citing Miss. Code Ann. §§ 71-3-37(1)–(2), (4), 71-3-77(1)–(2)). Finally, since the evidence submitted fails to support plaintiff's assertion that McClure acted in bad faith regarding his claim, an employer who is free from wrongdoing is not an alter ego of the carrier or adjuster and, therefore, cannot be subjected to punitive damages on the alleged bad faith of its insurer. *S. Farm Bureau Cas. Co. v. Hollins*, 469 So. 2d 55 (Miss. 1984).

## IV. Conclusion

In summary, the court rejects plaintiff's position that his employer actively participated in the handling of plaintiff's workers' compensation claim and that such

[4]Miss. Code Ann. § 71-3-7 states the following: "Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions." Additionally, Miss. Code Ann. § 71-3-75(1) sets for the manner in which compensation shall be provided: "An employer liable under this chapter to pay compensation shall insure payment of such compensation by its carrier authorized to insure such liability in this state unless such employer shall be exempted from doing so by the commission."

constitutes bad faith, thereby incurring independent liability. Evidence submitted by the parties compel the opposite conclusion. It follows, in light of the un-refuted evidence in the case at bar, that there is no viable basis for plaintiff's claim against McClure. As such, the court finds that McClure was improperly joined and hereby dismisses McClure from this civil lawsuit. The surviving parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, plaintiff's motion to remand this litigation to state court is denied. The parties are directed to contact the assigned Magistrate Judge for a scheduling order to effectuate the ruling herein.

**SO ORDERED AND ADJUDGED, this the 31st day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-889WS
Order Denying Remand